UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
D. CARLYLE INTERNATIONAL LLC, et al.,          :
                                                :
                                 Plaintiffs,    :
                                                :        10 Civ. 6039 (RMB)
              -against-                         :
                                                :        <u>DECISION & ORDER</u>
J.P. MORGAN CHASE & CO.,                        :
                                                :
                                 Defendant.     :
-----------------------------------------------------------------X

**I.      Background**

On August 11, 2010, D. Carlyle International LLC and its principal, Donald C. Greaves

("Greaves," and collectively, "Plaintiffs") filed a complaint ("Original Complaint") against J.P.

Morgan Chase & Co. ("Chase & Co." or "Defendant"), asserting claims pursuant to the Equal

Credit Opportunity Act, 15 U.S.C. § 1691 ("ECOA"), and Title VI of the Civil Rights Act of

1964, 42 U.S.C. § 2000d ("Title VI").  (<u>See</u> Orig. Compl., dated Aug. 6, 2010.)  On December 6,

2010, Plaintiffs filed an amended complaint ("Amended Complaint"), adding allegations

pursuant to the New York State Human Rights and Banking Laws, and the New York City

Human Rights Law.  (Am. Compl., dated Dec. 6, 2010, ¶¶ 38, 39.)[1]

Plaintiffs allege, among other things, that Defendant's denial of a $50,000,000.00 loan

application made in June 2008 by Greaves, who is African-American, constituted

(1) "unlawful[], unjustifiabl[e], and blatant[]" discrimination on the basis of race; and

(2) "retaliat[ion] against [P]laintiffs based on the fact that [Defendant was] at the time subject to

---

[1]      Although Chase & Co., by letter dated September 13, 2010, had informed Plaintiffs that it
was not a proper defendant, Plaintiffs in their (subsequent) Amended Complaint failed to correct
the error and continued to assert claims against only Chase & Co.  (<u>See</u> Am. Compl.; Def.'s Ltr.
to the Ct., dated Sept. 13, 2010, at 2 ("[Plaintiffs] do not allege, nor can they show, that Chase &
Co., a holding company, is a 'creditor' [under the ECOA].").)

a lawsuit in which . . . Greaves was one of several plaintiffs."  (Am. Compl. ¶¶ 32, 42; see AMS

Grp. LLC, et al. v. J.P. Morgan Chase Bank, No. 07 Civ. 6988 (Swain, J.) ("Prior Lawsuit").)[2]

On February 8, 2011, Defendant moved pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure ("Fed. R. Civ. P.") to dismiss the Amended Complaint for failure to state a

claim, arguing, among other things, that (1) Chase & Co., "a holding company which does not

engage in the business of being a creditor," is not answerable "for violation of the ECOA"; and

(2) "[P]laintiffs do not allege any non-conclusory facts to show that [Defendant]

. . . discriminated against them or treated them less favorably than any other applicant" under the

ECOA and/or Title VI.  (Def.'s Mem. of Law in Supp. of Mot. to Dismiss, dated Feb. 7, 2011

("Def. Mem."), at 11.)

On March 7, 2011, Plaintiffs filed an opposition, arguing, among other things, that

(1) "Plaintiffs have learned the true nature of the relationship between Chase & Co. and Chase

Bank," and should be permitted, pursuant to Fed. R. Civ. P. 15(a), "to amend the caption to

reflect Chase Bank as the proper [defendant]"; and (2) "[D]efendant's fail [sic] to provide any

example or substantive argument beyond bare assertions that [P]laintiffs' [Amended] Complaint

is conclusory."  (Pls.' Mem. of Law in Supp. of Mot. to Amend & in Opp'n to Def.'s Mot., dated

Mar. 7, 2011 ("Pls. Opp'n"), at 3, 6.)

On March 11, 2011, Defendant filed a reply, opposing Plaintiffs' motion to amend

because, among other reasons, "[P]laintiffs have no justification for not previously amending

---

[2]      In AMS Group LLC, et al. v. J.P. Morgan Chase Bank, Greaves et al. alleged that
defendant J.P. Morgan Chase Bank, N.A. "unlawfully discriminated against them by refusing to
lend them $135,000,000 for the acquisition of an oil refinery in Texas." AMS, No. 07 Civ. 6988
[#47], at 1.  By Memorandum Order dated August 15, 2008, U.S. District Court Judge Laura
Taylor Swain granted summary judgment against Greaves et al., finding their claims "untimely
under the ECOA" and their "proffered ignorance of the law . . . not a sufficient basis for tolling
the statute of limitations."  See id. at 4, 6, aff'd, 371 F. App'x 149 (2d Cir. 2010).

their complaint to name the correct defendant, as they have long been aware of the need for same and had been afforded an opportunity to do so after the most recent pre-motion conference [on November 18, 2010]."  (Def.'s Reply Mem. of Law, dated Mar. 11, 2011 ("Def. Reply"), at 7.)

By order dated April 22, 2011, the Court determined to resolve the parties' pending motions on submission in light of the parties' protracted inability to agree upon an oral argument schedule and the Court's belief that oral argument is not needed.[3]  (See Order, dated Apr. 22, 2011.)

**For the reasons set forth below, Plaintiffs' motion to amend is denied and Defendant's motion to dismiss is granted.**

## II.     Legal Standard

"[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

"To survive a motion to dismiss, a complaint must include 'enough facts to state a claim for relief that is plausible on its face.'"  Joseph v. Northwood Grp., LLC, No. 08 Civ. 3644, 2009 WL 2252336, at *2 (S.D.N.Y. July 23, 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  "First, the court identifies conclusory allegations and proceeds to disregard them, for they are 'not entitled to the assumption of truth.'  Second, the court 'considers the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief.'"  Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951 (2009)).

---

[3]      As noted in the Order dated April 22, 2011, brief oral argument was twice scheduled and cancelled at the parties' request.

In deciding ECOA cases courts will look to Title VII law.  See Jones v. Ford Motor Credit Co., No. 00 Civ. 8330, 2005 WL 743213, at *8 (S.D.N.Y. Mar. 31, 2005); see Lewis v. ACB Bus. Servs., Inc., 135 F.3d 389, 406 (6th Cir. 1998).

## III.     Analysis

### Plaintiffs' Motion to Amend

Plaintiffs argue that "the real cause of [their pleading] error was two entity names which are confusingly similar and appear interchangeable," and that "[D]efendant will not be burdened or prejudice [sic] with new claims to investigate" because Plaintiffs "do not move to amend any substantive portion of the [Amended] Complaint."[4]  (Pls. Opp'n at 3–4.)  Defendant responds that Plaintiffs never requested a pre-motion conference to file their motion to amend (in accordance with the Court's Individual Practices (see Ind. Practices of Hon. Richard M. Berman ¶ 2.A)) and have been "on notice [since at least September 2010] that Chase & Co. was not in the business of lending" but "chose to file an amended complaint without properly remedying this defect."  (Def. Reply at 7.)  Defendant asserts that it has "unnecessarily incurred thousands of dollars in legal fees," and also argues that amendment would be "futile" because the proposed (second) amendment is legally "insufficient on its face."  (Def. Reply at 7–8.)

Plaintiffs' motion to amend the Amended Complaint is denied.  See, e.g., Berman v. Morgan Keegan & Co., No. 10 Civ. 5866, 2011 WL 1002683, at *14–15 (S.D.N.Y. Mar. 14, 2011).  Plaintiffs did not comply with the Court's pre-motion rules and also failed to cure the pleading defect relating to the proper defendant even after receiving "ample notice of [such] defect[] . . . and [the] opportunity to cure [it]."  In re Eaton Vance Mut. Funds Fee Litig., 403 F. Supp. 2d 310, 318–19 (S.D.N.Y. 2005); (see Orig. Compl., dated Aug. 6, 2010; Def.'s Ltr. to the

---

[4]      Greaves named the correct defendant, "J.P. Morgan Chase Bank," in the Prior Lawsuit. (See Am. Compl. in Prior Lawsuit, dated Feb. 22, 2008.)

Ct., dated Sept. 13, 2010, at 2; Tr. of Proceedings before the Ct., dated Nov. 18, 2010, at 4:2–5:4 (Court: "Before we pull the trigger on the motion practice I usually give the plaintiff, and I am here, the opportunity to amend the [Original C]omplaint because if [Defendant] succeeds, then the case is over."  Pls. Counsel: "I was going to ask your Honor for that opportunity."  Court: "You wish to amend."  Pls. Counsel: "I would very much like to amend."); Am. Compl., dated Dec. 6, 2010.)  Following this exchange, on December 6, 2010, Plaintiffs filed their Amended Complaint, naming Chase & Co. rather than J.P. Morgan Chase Bank, N.A. as the sole Defendant.

Despite receiving notice (six weeks prior to their filing of the Amended Complaint) that Chase & Co. was an improper defendant, Plaintiffs did not change the Defendant in the Amended Complaint.  See Flynn v. Best Buy Auto Sales, 218 F.R.D. 94, 99–100 (E.D. Pa. 2003) (denying motion to replace a "misnamed defendant" because of "the blatant inexcusable neglect that was displayed by [plaintiff] in his failure to name the correct defendant," where the correct defendant "was in no way shielding its true identity or attempting to mislead"); Szoke v. United Parcel Serv. of Am., Inc., 398 F. App'x 145, 152–53 (6th Cir. 2010); Eaton, 403 F. Supp. 2d at 318–19 ("[T]he defendants and the Court were entitled to the plaintiffs' best effort at presenting their claims in response to the objections raised by the defendants.  In light of the plaintiffs' failure to cure the defects [in their original complaint] after being provided notice [and the opportunity to amend, which they took], this is not a case where leave to amend [for a second time] should be given because 'justice so requires.'" (quoting Fed. R. Civ. P. 15(a))) (collecting cases);  Berman, 2011 WL 1002683, at *15 ("The opportunity afforded to plaintiffs to amend their pleading was intended to avoid unnecessary expenditure of time, effort and expense in responding to a motion to dismiss, only to have plaintiffs seek leave to file a further amended

complaint curing any deficiencies that were known and were curable at an earlier point in time."); Yerdon v. Henry, 91 F.3d 370, 378 (2d Cir. 1996). "[P]arties seeking the benefit of Rule 15(a)'s liberality have an obligation to exercise due diligence." Stone v. Courtyard Mgmt. Co., 2001 WL 395159, at *1 (S.D.N.Y. Apr. 17, 2001) (quoting Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989)).[5]

In any event, Plaintiffs' proposed second amended complaint (as well as the Amended Complaint) are futile because they fail "to state a claim for relief that is plausible on its face." Joseph, 2009 WL 2252336, at *2 (internal quotation marks omitted); see MacEntee v. IBM, No. 08 Civ. 7491, 2011 WL 812395, at *8 (S.D.N.Y. Mar. 3, 2011) ("An amendment is futile when it cannot withstand a motion to dismiss pursuant to Rule 12(b)(6).").

**Defendant's Motion to Dismiss**

Defendant argues that Plaintiffs' ECOA claims for discrimination and retaliation should be dismissed because Plaintiffs (i) "fail to set forth any plausible non-conclusory allegations" of discrimination and (ii) fail to allege a "causal connection to substantiate a retaliation claim based on [the Prior Lawsuit]" which was filed a year before any denial of Plaintiffs' loan application. (Def. Mem. at 6, 12.)  Defendant also argues that Plaintiffs' Title VI claim should be dismissed because the Amended Complaint (and, for that matter, the proposed second amended complaint) "contain[s] no allegation that the loan product [Plaintiffs] applied for was federally funded." (Def. Mem. at 15 (internal quotation marks omitted).)

Plaintiffs respond that the Amended Complaint "has articulated clear facts which articulate that [P]laintiffs had the ability to apply . . . and did apply for a loan; that [D]efendant[] failed to process [P]laintiffs' loan application under statutory guidelines; that [D]efendant[] acted

---

[5]    The statute of limitations on Plaintiffs' ECOA claims expired on the date Plaintiffs filed the Original Complaint.  (See Pls. Opp'n at 13); Flynn, 218 F.R.D. at 99; 15 U.S.C. § 1691e(f).

in a retaliatory manner in processing [P]laintiffs' loan application; and, in [D]efendant['s] doing so, [D]efendant violated the ECOA."  (Pl. Opp'n at 5.)  Plaintiffs do not appear to respond to Defendant's Title VI argument.  See Lipton v. Cnty. of Orange, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); Jessamy v. City of New Rochelle, 292 F. Supp. 2d 498, 515 n.21 (S.D.N.Y. 2003).

Defendant's motion to dismiss the Amended Complaint is granted.  The Court does not find the elements necessary to state a claim of discrimination or retaliation against Plaintiffs. Because Plaintiffs' Amended Complaint "simply states that [D]efendant[] discriminated against [P]laintiffs without describing specific acts by [D]efendants that would give rise to an inference of discriminat[ion]," it lacks the requisite specificity needed to support a claim of discrimination.[6]  Burrell v. State Farm Fire & Cas. Co., No. 00 Civ. 5733, 2001 WL 797461, at *11 (S.D.N.Y. July 12, 2001) (where complaint did "not allege the facts supporting the plaintiffs' conclusory statement of discrimination" under ECOA); see Masudi v. Ford Motor Credit Co., No. 07 Civ. 1082, 2008 WL 2944643, at *5 (E.D.N.Y. July 31, 2008); Trakansook v. Astoria Fed. Sav. & Loan Ass'n, No. 06 Civ. 1640, 2007 WL 1160433, at *8 n.5 (E.D.N.Y. Apr. 18, 2007) ("Plaintiff's proposed amended complaint does not identify any particular basis for [defendant's] alleged discriminatory animus, but instead simply alleges in conclusory terms that defendants violated the ECOA."); Joseph, 2009 WL 2252336, at *2; Powell v. Am. Gen. Fin., Inc., 310 F. Supp. 2d 481, 488 (N.D.N.Y. 2004).

---

[6]    The ECOA provides, in pertinent part, that "[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race," or "because the applicant has in good faith exercised any right under [the ECOA]."  15 U.S.C. § 1691(a)(1), (3).

Plaintiffs' allegations of retaliatory action on the part of Defendant, similarly, amount to nothing more than unwarranted factual inferences and legal conclusions that are insufficient to state a claim.  See Lewis, 135 F.3d at 407.  For example, Plaintiffs do not allege a plausible "causal connection" between Greaves's Prior Lawsuit, filed August 3, 2007, and the alleged denial of Plaintiffs' loan application on August 11, 2008, more than one year later.  Id.; see Yarde v. Good Samaritan Hosp., 360 F. Supp. 2d 552, 562 (S.D.N.Y. 2005) ("Three months is on the outer edge of what courts in this circuit recognize as sufficiently proximate to admit of an inference of causation," and "[s]ix months . . . is well beyond the time frame for inferring retaliatory causation.").  In view of this one year delay, Plaintiffs have not plausibly alleged that "retaliation was at least a 'substantial' or 'motivating' factor behind" the denial of Plaintiffs' application.  Lessambo v. PricewaterhouseCoopers, L.P., No. 08 Civ. 6272, 2010 WL 3958787, at *12 (S.D.N.Y. Sept. 27, 2010) (quoting Raniola v. Bratton, 243 F.3d 610, 625 (2d Cir. 2010)); (see also Am. Compl. ¶ 22 ("I specifically chose Chase Bank due to the [Prior Lawsuit] and the fact that [Chase] might very well be interested in resolving our previous dispute constructively, with this [loan] opportunity . . . .").)

Because the Court dismisses Plaintiffs' federal claims, it declines to exercise jurisdiction over Plaintiffs' remaining state law claims, see Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) ("If the federal law claims are dismissed before trial the state claims should be dismissed as well." (internal alterations and quotation marks omitted)), which are claims pursuant to the New York State Human Rights and Banking Laws and the New York City Human Rights Law, see Tops Mkts., Inc. v. Quality Mkts., Inc., 142 F.3d 90, 103 (2d Cir. 1998).

## IV.    Conclusion

For the foregoing reasons, Plaintiffs' motion to amend [#19] is denied and Defendant's

motion to dismiss [#12] is granted. The Clerk of the Court is respectfully requested to close this

case.

Dated: New York, New York
      April 26, 2011

**RICHARD M. BERMAN, U.S.D.J.**